[No. 14.  Decided February 21, 1890.]

CHARLES NELSON, JOHN EGAN AND OSCAR JOHNSON v. THE TERRITORY OF WASHINGTON.

APPEAL — PARTIES.

Where judgment has been rendered against three defendants in the district court, and two of them sue out a writ of error, and, in lieu of serving notice thereof on the third defendant, as required by the code, file their affidavit that the defendant not joining in the writ is not within the Territory of Washington, and that diligent endeavor has been made to serve him with a copy of said notice, the appeal will be dismissed.

*Error to District Court, King County.*

*Metcalfe, Turner & Burleigh*, for plaintiffs in error.

*J. A. Stratton*, Prosecuting Attorney, and *W. D. Fenton*, and *P. P. Carroll*, for the Territory.

On motion to dismiss, counsel cited *Parker v. Denny*, 2 Wash. T. 361; Code Wash. T., ? 454.

The opinion of the court was delivered by

HOYT, J.—The judgment in this case was against three defendants, only two of whom have joined in the appeal to this court.   And, as the appellee urges the non-joinder of the third defendant as a reason for the dismissal of the appeal, the case is brought directly within the authority of *Cline v. Mitchell, ante*, p. 24, and the motion to dismiss the appeal must be granted unless a certain affidavit filed by the two defendants in the court below and brought here with the transcript, has the effect of taking the case out of the rule established in the case above cited.   Said affidavit is as follows, to wit: " John Egan and Oscar Johnson, each being duly sworn, each for himself deposes and says, that he is one of the plaintiffs in error named in the annexed notice of writ of error; that he is acquainted with Charles Nelson, the defendant in the action entitled in said notice;

that said Nelson is not at this time, as affiant is informed and verily believes, within the Territory of Washington; that affiant has made repeated inquiries, and has otherwise endeavored with diligence to ascertain the whereabouts of said Nelson, and has been unable to ascertain his whereabouts, and for that reason has been unable to serve said Nelson with a copy of said notice; " and we do not think it sufficient for the purpose for which it was made.

The object of the statute requiring all of the parties to a judgment to join in an appeal therefrom, is to have the entire case presented to the appellate court at one time, and not to allow each of the several parties to prosecute a separate appeal, and thus, perhaps, require the appellate court to hear the same cause several times. And if this is the reason of the statute the logical sequence is, that, in case all the parties to a judgment do not join in the appeal, then there must be such service upon or notice to the other parties as will estop them from afterwards claiming their right of appeal. Could the defendant who did not join in this appeal be thus estopped by the filing of the affidavit in question? We think it clear that he could not, as said affidavit does not show that he ever had any knowledge of, or opportunity to join in this appeal, or that there ever was any service upon him of the notice, either actual of constructive. But it may be urged that this construction of the law will place it in the power of one of several parties to a judgment to deprive co-parties of their right of appeal. We think, however, that it is always within the power of the court which has once acquired jurisdiction of the person of a party to an action to provide for the constructive service upon such party of any and all papers that it may be necessary to serve upon him in the progress of the cause in which such jurisdiction was obtained, upon proper showing being made that actual service cannot be had. The remedy of a part of the parties to a judgment who desire to appeal would be to make diligent efforts to

serve the proper notice upon the other parties, and in the event of their being unable to make such service as the statute requires, to make a showing to the court having jurisdiction of what they have done, and obtain an order for such substituted service as the court may think proper.

The appeal must be dismissed.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.