[No. 50.  Decided March 12, 1891.]

### William Squire v. George H. Greer.

BOUNDARIES — GOVERNMENT SURVEYS — APPEAL — STATEMENT OF FACTS.

A statement of facts will be considered by the supreme court, where the record shows that it was agreed upon by the attorneys of both parties to the action, certified by the judge, and by an order of the court substituted for an original statement which had been lost.

A court cannot correct the government surveys and establish government corners at points other than the points located by the government; but its investigation must be directed towards ascertaining the fact where the government corners are actually established, not where they ought to be.

Where a grantor conveys lands, describing them according to government survey, the presumption is that the deed conveys all the land within the subdivisions described, according to the actual survey; but parol evidence is admissible to show the intention to convey a certain definite piece of land, and that the parties were mistaken in the location of the government line.

*Appeal from Superior Court, Pierce County.*

Action by George H. Greer against William Squire to quiet title to certain lands in Pierce county, Washington. Trial by the court, which made certain findings of fact and conclusions of law, on which judgment was rendered for plaintiff. The findings having been lost, both parties agreed upon a copy thereof, which was duly substituted and filed by order of the court. The following are the findings and conclusions of law, to wit:

"*First:* That on the 10th day of October, 1882, the said plaintiff was the owner in possession of the southwest quar-

ter of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian, in Pierce county, Washington, and on that day conveyed, by good and sufficient general warranty deed, the above described premises and delivered possession of all of said tract to the above named defendant, William Squire.

"*Second:* That on the 25th day of May, 1883, by patent from the United States, the plaintiff first became the owner of lot number two (2) and the southeast quarter of the . northwest quarter of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian, being a tract lying immediately north of the tract conveyed to the defendant October 10, 1882.

"*Third:* That the only question involved and the only point in controversy herein, is as to the government location of the northwest corner of the southwest quarter of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian. The plaintiff contends that it is forty chains north of the southwest corner of section thirty (30), township twenty (20) north, range three east of the Willamette meridian, and the defendant contends it is fifty-five chains north of the southwest corner of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian.

"*Fourth:* The western boundary line of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian, or the range line between township twenty north, ranges two and three east of the Willamette meridian, Pierce county, Washington, was originally surveyed, located and the section and quarter section corners were set and established by Phillips & Strickler, deputy-surveyors of the United States, in the year 1855, the survey and location of section and quarter section corners, as then made, were approved by the surveyor-general and accepted by the department of the interior, and the southwest quarter of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian, and all other lands in that locality, were patented by the United States according to that survey.

"*Fifth:* That the northwest corner of the southwest· quarter of section thirty (30), township twenty (20) north,

range three (3) east of the Willamette meridian, as origi-
nally made and established by Phillips & Strickler, deputy-
surveyors of the United States, in the year 1855, and
approved by the surveyor-general and accepted by the de-
partment of the interior, and according to which the said
southwest quarter of section thirty (30), township twenty
(20) north, range three (3) east of the Willamette meridian,
and all lands in that locality, were patented, is fifty-five
chains north of the southwest corner of section thirty (30),
township twenty (20) north, range three (3) east of the
Willamette meridian, and twenty-five chains south of the
northwest corner of the same section; if the bearing trees
described below and given in the original field notes should
be found to be correct, then the northwest corner of the
southwest quarter of section thirty (30) is fifty-five chains
north of the southwest corner of said section; otherwise
said corner is forty chains north of the said southwest
corner of section thirty (30), township twenty (20) north,
range three (3) east of the Willamette meridian; that said
quarter-section corner when originally established was wit-
nessed by two bearing trees described in the original field
notes as follows: 'A white oak 18 ins. dia. S. $30\frac{1}{2}°$ W. 128
links distant.' 'A white oak 18 ins. dia. S. 73° W. 140
links distant.' That both of said witness trees are still
standing in perfect health and growing condition, and the
original cuts, marks and records made on them by the sur-
veyors, Phillips & Strickler, in the year 1855, are still in
perfect preservation and plainly and definitely mark and
establish the said northwest corner of the southwest quarter
of section thirty (30), township twenty north, range three
east of Willamette meridian.

"*Sixth:* That if the northwest corner of the southwest
quarter of section thirty (30), township twenty (20) north,
range three (3) east of the Willamette meridian, is at the
point located by Phillips & Strickler in the year 1855, and
is witnessed by the bearing trees described in the fifth find-
ing of fact herein, then the land in question belongs to the
southwest quarter of section thirty (30), township twenty
(20) north, range three (3) east of the Willamette meridian
and should go to the defendant; and otherwise should go
to the plaintiff."

As conclusions of law, the court finds—

"*First:* That the northwest corner of the southwest quarter of section thirty (30), township twenty (20) north, range three (3) east of the Willamette meridian, should be established at a point forty chains north of the southwest corner of section thirty (30), township twenty (20) north, range three (3) east.

"*Second:* That all adverse claims of the defendant and all persons claiming under him, to or upon that piece or parcel of land described in the United States patent No. 6,596, as follows: Lot number two and the southeast quarter of the northwest quarter of section numbered thirty (30), in township numbered twenty north, of range numbered three east of the Willamette meridian, in Washington Territory, containing seventy-four acres and four hundredths of an acre, according to the official plat of the survey of the said land returned to the general land office by the surveyor-general, which said tract has been purchased by the said George H. Greer, or any part thereof, and that the claims of the defendant be invalid and groundless, and that the plaintiff is adjudged to be the true and lawful owner of the land in controversy, and his title to the same was thereby quieted against all claims of the defendant and his heirs and all others, and they are hereby perpetually restrained from setting up any claim to the same or any part thereof.

"*Third:* That the plaintiff is entitled to judgment quieting his title to the land in question."

*Town & Likens,* for appellant.

The corners established by the original surveyors of the public lands by authority of the United States, are conclusive as to the boundaries of sections and divisions thereof; and no error in placing them can be corrected by any survey made by individuals or a state surveyor. *Arnier v. Wallace,* 28 Miss. 556; *Campbell v. Clark,* 6 Mo. 219; 8 Mo. 553.

When a deed designates the land conveyed as one of the subdivisions known to the United States survey, as, for

instance, a quarter, half-quarter, or quarter-quarter section, the presumption is that the parties intend that the tract shall be ascertained in the same manner as is done in government surveys. *Cogan v. Cook,* 22 Minn. 142.

In government surveys the line actually run by the government surveyors is a true line. *Goodman v. Myrick,* 5 Or. 65.

When the boundaries of lands are fixed, known and unquestionable monuments, though neither courses, distances nor computed contents correspond, the monuments must govern. *Pernam v. Wead,* 6 Mass. 131; *Moore v. People,* 2 Doug. (Mich.) 424; *Nelson v. Hall,* 1 McLean, 518; *Bower v. Earl,* 18 Mich. 367.

Marked lines and corners control courses and distances. Surplus lands do not vitiate a survey, nor does a deficiency of acres called for in a survey operate against it. "*Wherever the boundaries can be established they must prevail.*" *Robinson v. Moore,* 4 McLean, 279; *Morrow v. Whitney,* 5 Otto, 551.

The gist of the authorities is, that when monuments like trees, or long established corners are given, and indisputable witness trees remain, which locate the corner, the courses and distances cannot change the location. *Lindsey v. Hawes,* 2 Black, 554; 4 McLean, 279; 2 Story, 278. See, also, *May v. Baskin,* 12 Smedes & M. 428; *Lewen v. Smith,* 7 Port. 428; *McClintock v. Rogers,* 11 Ill. 279; *Martin v. Carlin,* 19 Wis. 454 (88 Am. Dec. 696); *Coal Company v. Clement,* 95 Pa. St. 126; *Morrow v. Whitney,* 95 U. S. 551; *Brown v. Huger,* 21 How. 305; *Lodge v. Barnett,* 46 Pa. St. 477; *Manter v. Picot,* 33 Mo. 490; *Kellogg v. Mullen,* 45 Mo. 571; *Park v. Pratt,* 38 Vt. 545; Rev. St. U. S., § 2396.

*Galusha Parsons,* and *C. P. Culver,* for appellee.

The statement of facts brought here by appellant is not in compliance with and is not authorized by the act of

November 23, 1883. *Mulkey v. McGrew*, 2 Wash. T. 262; *Breemer v. Burgess*, 2 Wash. T. 290. The case cannot be heard in this court on its merits further than is shown by appellant's record. *Swift v. Stine*, 3 Wash. T. 520. As between private parties, there can be but one answer as to what the courts would do; they would hold the parties to their bargain as they understood it. *Cavazos v. Trevino*, 6 Wall. 773; Thomp. Trials, § 1468; Warvelle, Vendors, p. ·380, § 11.

Corners are shown to be established by all the surrounding facts, and, if in controversy, by distances run, witness trees marked, posts set, mounds made, etc. *Preston's Heirs v. Bowmar*, 6 Wheat. 580; *Morrow v. Whitney*, 95 U. S. 551; *Land Co. v. Saunders*, 103 U. S. 316; *White v. Luning*, 93 U. S. 525; 2 Wheat. 316; *Dygert v. Pletts*, 25 Wend. 402; *Wilson v. Hildreth*, 118 Mass. 578; Greenl. Ev., § 301, and cases cited.

The opinion of the court was delivered by

DUNBAR, J.— We do not think that the point raised in appellee's brief, that the statement of facts was misleading, or not understood by the court, is well taken. The record shows that the statement of facts was agreed upon, and regularly signed, by the attorneys of both parties to the action, and certified to by the judge; and that the statement of facts presented here was by the order of the court substituted for the original statement of facts, which had been lost. Nor do we think that the decisions cited by appellee, to wit, *Mulkey v. McGrew*, 2 Wash. T. 259 (5 Pac. Rep. 842); *Breemer v. Burgess*, 2 Wash. T. 290 (5 Pac. Rep. 733, 840); *Swift v. Stine*, 3 Wash. T. 518 (19 Pac. Rep. 63), are adverse to appellant's right to this appeal. Those cases only go to the extent of refusing to decide questions of fact further than the records disclose the facts. While the record here does not disclose the testimony sufficient for this court to

determine definitely the rights of the parties, it does disclose enough to show error in the court, in that the conclusions of law were not justified by the statement of facts; and we conclude that the judgment of the court was rendered on the theory that the court could correct the government surveys, and establish government corners at points other than the points located by the government. This seems to have been the theory on which the case was tried. The presumption is, that the grantor intended to convey the lands embraced within the boundaries described according to the government survey; and the investigation of the court must be directed towards ascertaining the fact where the government corners are actually established, and not where they ought to have been established. But this presumption is by no means conclusive; and, while parol evidence will not be admitted to dispute the written contract, it may be admitted to explain it, and to show their understanding. This was a conveyance between private parties; and if the intention was to convey a certain definite piece of land, and especially if the land was actually located, that could be shown, or any circumstance tending to show the intention of the parties. In conveyances by private parties descriptions by legal subdivisions are used for convenience, and it would be a hard and unjust rule to hold parties to a conveyance of property not intended to be conveyed, though mistaken understanding of where a government line was located, especially when it can be shown that the government survey was misleading, and the lines of survey deviated from their proper and intended course; but, as we have before said, the presumption is that the deed conveys all the land within the subdivisions described according to the actual survey. The judgment is reversed, and the case is remanded to the lower court, with instructions to retry the same in accordance with this opinion.

ANDERS, C. J., and HOYT and SCOTT, JJ., concur.
STILES, J., disqualified.