[No. 318.  Decided Nov. 20, 1891.]

EDWARD P. SNYDER AND EDGAR A. FROST, *Respondents*, v. JOHN KELSO, D. A. WEBSTER AND JOHN F. DARE, *Appellants.*

APPEAL—STATEMENT OF FACTS—NOTICE OF SETTLEMENT—TIME.

Where notice of application to settle and certify a statement of facts was not served upon respondents within thirty days after judgment, the notice is given too late to confer jurisdiction upon the judge to settle the statement. The judge has no power to extend the time limited by statute for the giving of the original notice of application to settle a statement.

*Appeal from Superior Court, Lewis County.*

Motion to strike statement of facts, and dismiss the appeal.

*J. F. Greathouse, C. B. Reynolds* and *Seymour, Griggs & Lockwood,* for appellants.

*D. C. Millett,* and *Reynolds & Stewart,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—This is a motion to strike the statement of facts from the record and to dismiss the appeal. It appears from the transcript that the notice of application to the judge who tried the cause to settle and certify the statement of facts was not served upon the respondents until nearly four months after the rendition of the judgment appealed from. As the statute requires the notice to be given within thirty days after judgment, it follows that the notice was too late to confer jurisdiction upon the judge to settle the statement. It seems that there was an attempt on the part of the court, in this instance, to enlarge the time for giving the notice, but this it was powerless to do. It could continue the hearing of the application to suit its convenience, or that of counsel, after notice

properly given, but could not extend the time limited by statute for the giving of the original notice. The motion to strike the statement of facts must be granted; and, as counsel for appellant conceded on the argument that there is nothing in the record, outside of the statement of facts, upon which error can be predicated, the motion to dismiss the appeal must also be sustained. The appeal is accordingly dismissed.

HOYT, SCOTT, DUNBAR and STILES, JJ., concur.