[No. 256.  Decided November 23, 1891.]

E. P. CADWELL AND MASON MORTGAGE LOAN COMPANY, *Appellants*, v. FIRST NATIONAL BANK OF NORTH YAKIMA, *et al.*, *Respondents*.

APPEAL—STATEMENT OF FACTS—NOTICE OF SETTLEMENT—EXTENSION OF TIME—RECORD IN EQUITABLE ACTIONS—NOTICE OF APPEAL.

A notice citing respondent to appear and participate in the settlement of a statement of facts on Sunday is insufficient to give a court jurisdiction to settle the statement on that day.

In such case, the order of the judge extending the time for settlement upon the *ex parte* application of appellants, without notice to, or appearance by, respondent, does not render the void notice effectual.

Under the statute (Laws 1899–90, p. 334) requiring notice of settlement to be served within thirty days after the rendition of the judgment appealed from, a notice given after the expiration of the prescribed time is of no avail, although it was given as a substitute for a void notice, which was served within the proper time.

On appeals from final judgments in equitable actions, the cause comes to the supreme court for trial *de novo*, and in the absence of the testimony, or of a properly settled staement of facts, the appeal will be dismissed.

Where an appeal is prosecuted by only a portion of the co-defendants affected by the jungment, in the absence of proof of service of notice of appeal upon the co-defendants not joining, as provided by Code 1881, § 454, the appeal will be dismissed.

*Appeal from Superior Court, Yakima County.*

Motion by respondent to strike statement of facts and dismiss appeal.

*Parsons & Corell,* and *W. S. Smith,* for appellants.

*Whitson & Parker, J. B. Reavis,* and *H. J. Snively,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—The respondent moves the court to strike the statement of facts from the record for the alleged

reason that the same was settled and certified without due and legal notice thereof having been given to respondent. It appears from the record that judgment was rendered in the court below on November 11, 1890. On December 10, 1890, and within the time prescribed by statute, appellants gave notice, in writing, to respondent, that a statement of facts in the cause had been prepared and filed in the office of the clerk of the lower court, and that on the 21st day of December, 1890, at 10 o'clock A. M. on said day, they would apply to the judge of said court, at his chambers, in Ellensburgh, in this state, to settle and certify the same. On the same day service of the notice was duly accepted by one of the attorneys for respondent. The day designated in the notice for the settling of the statement of facts was Sunday, a non-judicial day. On Saturday, the day preceding that named in the notice, the judge, on application of counsel for appellants, but without notice to respondents, ordered the time for the hearing of the statement of facts to be adjourned to January 10, 1891. None of the parties appeared before the judge on Sunday, and the notice citing respondent to appear on that day was entirely disregarded. On December 23, 1890, a written notice addressed to respondent, or its attorneys, was filed in the cause, purporting to inform respondent of the continuance of the hearing, but it does not appear that it was ever served, or that respondent had any knowledge of the continuance of the hearing. No appearance having been made by respondent on said 10th day of January, the judge, upon a second application of appellants, made another order further extending the time for the hearing of the settlement of the statement of facts until Monday, January 19, 1891, at which time, no one appearing for respondent, the statement of facts appearing in the record was settled and certified by the judge who tried the cause.

Counsel for respondent claim that the judge had no

jurisdiction or authority to thus settle and certify the statement of facts, and that, in consequence thereof, the certificate is invalid and of no force or effect whatever. Their contention is, that the notice fixing a non-judicial day for the settling of the statement was void, and, in fact, no notice at all, and that the order of the judge extending the time upon the *ex parte* application of appellants, and without notice to, or appearance by, respondent, was powerless to render the void notice effectual for any purpose, and that the subsequent orders were likewise without authority, and void as to respondent. We are reluctantly constrained to yield to the force of this argument. The court, or judge, only acquires jurisdiction to settle a statement of facts by the service of a proper notice. And a notice citing a respondent to appear and participate in the doing of an act at a time at which the act could not legally be done, is manifestly without any mandatory or coercive force whatever, and may be wholly ignored.

The learned counsel for appellants seem to have been in doubt as to the sufficiency of their first notice, for they subsequently made a new notice in writing, addressed to plaintiff's attorneys, or rather to persons designated as such, reciting in substance, that the notice theretofore given of the time and place of settlement of the statement of facts having by inadvertence named Sunday as the day of such settlement, the said judge has named Monday, the 19th of January, as the day for settling the same, at the court house in the city of Ellensburgh, at which time and place they would present the same to him for settlement, but if counsel objected to the same being then settled, on account of the want of sufficient notice, they were thereby notified that the same would be submitted to him for settlement on the 26th day of January, 1891. The latter notice, if served at all (and there is some dispute as to the fact), was not served until January 15, only four days before the

date when the statement was settled and certified. This was too late to serve the purpose of an original notice, as it was given after the expiration of the time prescribed by law; and as it cannot be aided by the first notice, which, as we have said, was invalid, it must be held to be of no avail. The law, as we construe it, provides that such notices shall be served within thirty days after the rendition of the judgment appealed from, and we think the statute is mandatory and binding upon the court. See Laws of 1889–90, p. 334, § 4. It is unnecessary to consider other objections which were made to the notice. The motion to strike must be sustained.

Respondent also moves the court to dismiss the appeal for various reasons, among which are, that no statement of facts appears in the record, duly certified and authenticated, as required by law, and that notice of appeal has not been served upon all the parties to this action.

This being an action of equitable cognizance, comes here for trial de novo, and this court, in order to so try it, must be put fully in possession of the whole case. The decree of the court below was based on testimony, which, owing to the fault of appellants, has not been properly authenticated, and it is therefore impossible for this court to determine any question depending upon the facts upon which the court below acted. The case as presented to the lower court cannot therefore be re-tried here. On appeals from final judgments in equitable actions our statutes have always required all the testimony or facts on which the cause was tried below to be certified to the supreme court, in order that that tribunal might review the whole case and render such judgment as should have been rendered in the trial court. Code of Washington, §§ 451, 464; Laws 1889–90, p. 335, § 5; and Laws 1891, p. 347, § 22. Accordingly in such cases it was the practice of the late terri-

torial supreme court, and which has been followed by this
court in the absence of the testimony, or of a properly
settled statement of facts, to either dismiss the appeal or
affirm the judgment of the lower court, upon motion. See
*Enos v. Wilcox, ante,* p. 44, and cases cited. But the learned
counsel for appellants claims that the practice has not been
uniform, and cites us to the case of *Squire v. Greer,* 2
Wash. 209 (26 Pac. Rep. 222), as an exception. We think,
however, that an examination of that case will show that
the departure from the rule above stated is more apparent
than real. It was there sought to strike a statement of
facts from the files, which had been substituted, by order
of the court, for an original statement which had been lost,
and which had been signed by attorneys for both parties,'
and certified by the court. The motion to strike the state-
ment was denied, and as the record did not disclose suffi-
cient testimony for this court to definitely determine the
rights of the parties, and it appearing that the cause had
been tried upon a misapprehension of the law applicable to
the principal point in issue, the judgment was reversed and
the cause remanded to the court below to be properly tried.
That case is therefore not an authority in support of the
contention of appellants.

Again, it does not appear that appellants served all the
co-defendants who were affected by the judgment of the
lower court with the notice of appeal, and for that reason,
if for no other, this appeal should be dismissed. It has
always been the policy of the law to permit any one of
several aggrieved parties to appeal; but, in order to do so,
it is neceesary to show to the appellate court that co-
parties have been notified and given an opportunity to join
in the appeal. Sec. 454 of the Code, which was in force
when this appeal was taken, provides that a party of several
co-parties may appeal or prosecute a writ of error; but in

such case they must serve notice thereof upon all the other co-parties, and file the proof thereof with the clerk of the supreme court. If the other co-parties refuse to join, they cannot, nor can any of them, take an appeal or writ of error afterwards. *Id.*, § 455. These provisions are for the purpose of preventing several distinct appeals in the same case; and, in the absence of proof of service of notice of appeal, as therein prescribed, this court has always held that the cause is not properly before it, and has dismissed the appeal. See *Cline v. Mitchell*, 1 Wash. 24 (23 Pac. Rep. 1013); *Nelson v. Territory*, 1 Wash. 125 (23 Pac. Rep. 1013; *Jones v. Sander*, 2 Wash. 329 (26 Pac. Rep. 224).

For the foregoing reasons, the appeal is dismissed at the cost of the appellants.

Hoyt, Dunbar and Scott, JJ., concur.

Stiles, J.—I do not concur in ordering the statement stricken from the record, because I think, under the statute, the judge had authority to fix the time of settlement, and that the respondent had reasonable notice of the time fixed, which was all that was necessary, the statutes not requiring ten days' notice of such an order. But upon the other grounds, the statement having been stricken, I concur in the result.