[No. 423. Decided March 21, 1892.]

AMELIA BOYER, *Respondent,* v. CHARLES S. BOYER,
*Appellant.*

APPEAL—STATEMENT OF FACTS—SETTLEMENT—CERTIFICATE—AMENDMENT
ON APPEAL—MODIFICATION OF JUDGMENT.

Where notice of the settlement of a statement of facts was given
for a day beyond the statutory limit, and within such period the time
for settling the statement was extended by the court to a later day,
although such notice and extension are illegal, an appearance at such
settlement waives all defects.

Although the certificate to a statement of facts inadvertently
alleges that a party appeared at the settlement thereof, the supreme
court will not, after argument of the case, entertain motions to disturb
the record, and allow counsel to furnish an additional certificate of
the court below showing such fact, as parties to an appeal must take
notice of what the record contains.

Where causes on appeal are tried *de novo* in the supreme court,
the allowance of the court below for attorney's fees may be dimin-
ished without other proof than that contained in the record.

*Appeal from Superior Court, King County.*

Action by Amelia Boyer against Charles S. Boyer for
divorce. Judgment for plaintiff, and defendant appeals.

*Burke, Shepard & Woods,* for appellant.

*James Kiefer,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—In this case the original notice of the set-
tlement of the statement of facts was given July 1, 1891,
and the time appointed for said settlement was August 1,
1891. This was thirty-one days, being one day longer
than the statutory time allowed for the settlement of the
statement of facts after notice given. Before the first of
August, to wit, on July 20th, counsel for defendant dis-
covered their mistake and moved the court to extend the

time for settling and certifying the statement of facts. Affidavits and counter affidavits were filed in support of and opposed to the motion. After argument, the judge entered an order that the certifying and settling of the statement be continued to September 3d, and plaintiff's objection to said continuance be overruled. Respondent moved to strike the statement, on the ground that it was not settled according to law, and urges that the court had no jurisdiction to make such order. This case falls squarely within the rule laid down by this court in *Enos v. Wilcox*, 3 Wash. 44 (28 Pac. Rep. 364), *Cadwell v. First National Bank*, 3 Wash. 188 (28 Pac. Rep. 365), *Snyder v. Kelso*, 3 Wash. 181 (28 Pac. Rep. 335), and numerous other cases, and notwithstanding the able and exhaustive argument of the counsel for appellant, we are constrained by our view of the law to reaffirm the doctrine announced in those cases, and if there had been no subsequent appearance by the respondent, the motion to strike the statement of facts would be sustained, and the statement stricken from the record. But it appears by the certificate of the judge who tried the case that the respondent made a general appearance on the day fixed by the court for the settlement of the statement, and joined in said settlement. The language of the certificate is as follows:

"And now on this 3d day of September, 1891, the day fixed for the settling and certifying of the statement of facts in the above entitled action, pursuant to due notice of application for the settlement and certifying of such statement of facts, and to due adjournment of the settling thereof by order of the judge of the above named court, the parties to said action appearing this day before said judge for the purpose of the settlement of said statement, the undersigned judge," etc., "hereby settles," etc.

This appearance we think must be held to be a waiver of notice. To hold otherwise would be to hold that the notice of the time of the settling of the statement of facts was

jurisdictional of the subject matter as well as of the person, and that is further than this court has ever gone, or now feels justified in going under the law. It is true that in *Cadwell v. First National Bank, supra,* the court holds that a notice given after the expiration of the time for the giving of the same is an absolute nullity, and that is true so far as any virtue in the notice is concerned, but in this case we hold the respondent liable not by virtue of the notice but by reason of his voluntary appearance. It is also true, as respondent asserts, that it was stated by this court in *Snyder v. Kelso, supra,* "that a notice given more than thirty days after judgment is too late to confer jurisdiction upon the judge of the court below to settle the statement;" and that in *Enos v. Wilcox, supra,* it was said that a statement of facts certified in pursuance of a notice given more than thirty days after judgment is a mere nullity. In those cases, however, the court never obtained jurisdiction of the person of the respondents, and no question of waiver of notice was involved, the respondents there standing upon their right to notice. In this case, however, we do not decide that jurisdiction was conferred on the court by notice or that the statement would be anything more than a nullity if the respondent had not cured the want of notice by his appearance. To strike the statement of facts, under the circumstances of this case as shown by the certificate of the judge, would be equivalent to holding that notice could not be waived, and that the parties to an action could not with the consent of the court stipulate that the statement of facts could be settled after the time pointed out by the statute, which we are not prepared to hold.

It is very earnestly argued by the counsel for the respondent that as a matter of fact he did not appear at the time certified by the judge; that such certificate was inadvertently made by the judge; and that he was not aware until he appeared in this court to argue the case that the

certificate of the judge so stated; and he, therefore, asks to be allowed to furnish this court with an additional certificate of the court below showing that state of facts.    But we think that parties must take notice of what the record that comes to this court contains, and that it would not accord with the orderly transaction of business in this court to entertain motions to disturb the record after the argument of the case.

The case, then, being here for hearing on its merits, we think that the attorney's fee of one thousand dollars allowed by the court to the respondent is excessive, and notwithstanding the proof as to the value of the services and the amount of labor shown to have been involved in this case, we are of the opinion that legal services in this state are not so valuable as to warrant a judgment in favor of the prevailing party in an ordinary divorce case involving the amount of property which is involved in this case for one thousand dollars, notwithstanding the case was contested. We think that under all the circumstances of this case, considering the fact that two trips were made to Spokane Falls, that five hundred dollars is an exceedingly liberal statutory attorney's fee.    It is urged by the respondent that an appellate court will not diminish the attorney's fees allowed by the trial court in the absence of proof; but this case is tried *de novo* by this court, and that portion of the judgment relating to attorney's fees is here for the action of the court, exactly as any other portion of the judgment is, and if from all the circumstances of the case this court concludes that the judgment is faulty in that respect it is its duty to so modify it.    In cases of this kind, where it is difficult from the written testimony to obtain a knowledge of the true state of affairs, and where the disposition of the parties and the motives prompting their action can be as readily ascertained by their appearance and actions on the witness stand as by the words they utter, great weight

should be given to the judgment of the judge who presides
at the trial.    But appeals are allowed by the law in this
character of cases, and the law must not be rendered nug-
atory by the refusal of the appellate court to modify or
reverse judgments in a proper case.  In this case we think
from all the showing made, and from the findings of the
court as well, that an injustice would be done the defendant
to compel him to raise the sum of three thousand dollars.
in cash where the property allotted to him is already pledged
for as much money as is generally advanced on city prop-
erty.    His income, according to the findings of the court,
is not large.    He is charged with the support of one child,
and is required to pay for the support and maintenance of
the children awarded to the care and custody of the plaintiff
the sum of seventy-five dollars per month in cash the first
of every month; and while we are not inclined to disturb
the division of the property as made by the court so far as
the amount is concerned, we think a fair and equitable
regard for the interests of the defendant demands a modi-
fication of the judgment to the end that he may be able to
meet its requirements without such a sacrifice as we think
the present judgment will compel him to make.  We think
a fair and equitable arrangement will be that, in addition
to the seventy-five dollars per month paid for the support,
sustenance and education of the children in lieu of the sum
of three thousand dollars cash which appellant is required
by the decree to pay to the respondent, that he be required
to pay to respondent, or into court for her benefit, the sum
of seventy-five dollars per month for forty months on the
first day of each and every month, with interest on each of
said installments at the rate of eight per cent per annum
from the date of the new decree, and if the said payments
are not made on the first day of each month, as herein
provided, the whole amount not paid shall become due
and payable at once.    Said judgment shall be a lien on
all the real property decreed to the defendant.

In order that the superior court may have jurisdiction in this case this court will not enter judgment, but will remand the case with instructions to modify the judgment in accordance with this opinion. No costs on appeal will be allowed to either party.

SCOTT and STILES, JJ., concur.

HOYT, J., concurs in the opinion on the merits.

ANDERS, C. J., not sitting.