POOLE *v.* OLIVER.

Opinion delivered January 25, 1909.

1. JUDGMENTS—ENTRY IN VACATION.—A judgment or decree which was not rendered by the court at a regular term, but was entered of record in vacation as of a day of a regular term, is a nullity. (Page 86.)

2. SAME—HOW AMENDED.—The issue whether a pretended judgment was rendered in vacation or not must be determined from the face of the record; and if the record fails to recite the truth, the remedy is by amendment. (Page 87.)

3. APPEAL AND ERROR—CONTINUANCE.—An appellant will not be entitled
to a continuance of his cause in order to have the record amended
to speak the truth by showing that the judgment appealed from was
a nullity as having been rendered in vacation if he has waited 14
months from the time the judgment is alleged to have been entered
in vacation, and until his brief is almost due in this court, before
suggesting that the whole proceeding is void. (Page 87.)

Appeal from Calhoun Chancery Court; *Emon O. Mahoney,*
Chancellor; motion denied.

*Campbell & Stevenson,* for appellant.

*H. S. Powell,* for appellee.

PER CURIAM. The record shows a decree of the Calhoun
Chancery Court, but does not give the date thereof. In a return
to a writ of certiorari the clerk says it is entered as of date July
24, 1907. The appeal was taken on July 24, 1908, the last day
before the year for an appeal expired. The case is set for sub-
mission in this court on February 1, 1909.

On the 14th of December, 1908, appellant moved to post-
pone the submission until after the next term of the Calhoun
Chancery Court. He alleges that there is no date upon the
record entry of the decree in this cause, and that the decree was
sent to the clerk for record on the 29th of November, 1907, after
the adjournment of the July term of the court. Appended to the
statement is the original precipe of counsel and letter transmit-
ting same, bearing date November 28, 1907. The appellee re-
sponds and denies that the decree was rendered in vacation, but
says it was actually rendered by the chancellor during the July
term; and that if it was afterwards recorded it would not affect
the validity of the decree, as it was in fact rendered in court.

If the appellant's contention is right, that the cause was not
disposed of at the July term of court, and a decree was entered
as of that date in vacation, the decree would be void. *Biffle* v.
*Jackson,* 71 Ark. 226; *Boynton* v. *Ashabranner,* 75 Ark. 415.
That is a matter, however, which this court can not consider upon
this record. This record shows a decree of the July term of the
Calhoun Chancery Court. If in fact the record is wrong, it must
be amended, and the appellant has an appropriate remedy to
cause the record to speak the truth. *Arkadelphia Lumber Co.* v.
*Asman,* 72 Ark. 320, and *Arkadelphia Lumber Co.* v. *Asman,* 79
Ark. 284.

The question here is whether the court will continue this cause until the appellant has had an opportunity to litigate the issue made in his petition and the response thereto. This court frequently grants continuances to correct records, in order that they may be made to speak the truth and the cases determined here upon the merits. Whenever applications to continue for that purpose are made, the court always considers the diligence of the party in making the application for continuance. This is the first instance which the court recalls that a continuance has been asked for the purpose of impeaching the integrity of the entire proceedings. Continuances are usually asked to supply some omitted matter by *nunc pro tunc* entry which will perfect the record.

If the judgment was entered in vacation, it was eight months prior to the appeal taken herein, and the case remained here for almost six months before application was made for its continuance. Appellant had fourteen months from the time it was alleged that the decree was entered in vacation until he moved for time in this court to enable him to secure its correction in the chancery court; and in the meantime he had taken an appeal from the record as it stood. He has waited until his brief is almost due before suggesting that the whole proceeding is void. He has sought to have this court review the record, and then, not satisfied to pursue that remedy, seeks to attack the integrity of the record which he has brought here. He is not entitled to a continuance, and the motion for the same is denied.