[Civ. No. 8784. First Appellate District, Division One.—January 11, 1934.]

In the Matter of the Estate of MARY EASTON, Deceased. SAMUEL DIXON et al., Appellants, v. SARAH HARTNETT et al., Respondents.

214

Edwin L. Forster and Walker Peddicord for Appellants.

Robert McMahon, John P. Doran and Andrew F. Burke for Respondents.

TYLER, P. J.—Motion for diminution of record. Respondents herein have made a motion for diminution of record by incorporating in and making part of the transcript on appeal an order amending *nunc pro tunc* an order granting a motion for a new trial. The order amending the record was made under the following circumstances: An appeal was taken by contestants from an order granting a motion for a new trial of the contest of the probate of the will of deceased. The contest was tried before a jury in February, 1930, nearly four years ago, which resulted in a verdict in favor of contestants, the jury finding the will to have been executed by virtue of undue influence exerted upon the deceased. This verdict was set aside by the court in March, 1930, the court subsequently granting a motion on the part of proponents for judgment notwithstanding the verdict. Contestants appealed from this judgment and it was reversed, and the trial court was directed to enter judgment on the verdict. (*Estate of Easton,* 118 Cal. App. 659 [5 Pac. (2d) 635].) Upon the going down of the *remittitur* on March 3, 1932, judgment on the verdict was entered in contestants' favor. Five days thereafter proponents served and filed a notice of intention to move

for a new trial based upon several grounds. The motion was granted by a minute order general in terms, the order reading "Motion for a new trial granted". An appeal was taken from this order by contestants in due course. The case was placed upon the August, 1933, calendar for hearing. Nothing was said in the briefs of either party concerning the form of the order granting a new trial, it being conceded by them that the order was a general one. The case proceeded to argument. Respondents, in support of the general order granting a new trial, proceeded to argue that the order was based upon the insufficiency of the evidence, and were met with the objection that the order being general no such issue was involved.

Counsel for respondents argued that, notwithstanding the order granting a new trial was a general one, the motion having been based upon several grounds, including the insufficiency of the evidence, section 657 of the Code of Civil Procedure did not control, as the order implied it was granted on the insufficiency of the evidence. Counsel was granted the privilege of presenting authorities upon this question. Up to this time it is clearly manifest that counsel was well advised that the order granting a new trial was a general one. Instead of presenting authorities to support his argument, counsel for respondents then proceeded to the court below and obtained an *ex parte* order granting the entry *nunc pro tunc* as of April 6, 1932, of an order granting respondents' motion for a new trial, so as to show that the order granting such new trial was made upon the ground of the insufficiency of the evidence. It will be noticed that it is some four years since a jury rendered a verdict in favor of contestants. About nineteen months have elapsed since the court granted a new trial, during which time counsel for respondents has never questioned the form of the order, but on the contrary has acquiesced in the same up to the day of the argument of the appeal on its merits. In fact, as above stated, the case was presented upon the theory that the order was a general one.

Appellants have gone to the expense of taking an appeal, relying upon the order of the court as originally made. There is no question but that a court has power within a reasonable time to correct orders and judgments as

entered, when inadvertently made, so as to make them conform to the judgment or order directed, but this power is limited to making the entry conform to the order actually directed. A court may not, under the guise of an amendment, make a record or order that was in fact never made. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359, 370 [260 Pac. 869].)

■ However this may be, we are not here confined to the question as to whether or not the corrected order is a nullity, for we are of the opinion that it would work a grave hardship on contestants, considering the facts and the time consumed in this litigation, to grant the motion. In *Podesta* v. *Deluchi,* 98 Cal. App. 579 [277 Pac. 364], it is held that a motion for diminution of the record by modification of the bill of exceptions, which is made nearly a year after its settlement by the trial court and after the filing of the briefs on appeal, will be denied on the ground of unexcused delay in failing to sooner apply for relief. (See, also, *Poole* v. *Oliver,* 89 Ark. 85 [115 S. W. 952].)

■ Petitioners claim that they were not aware that the order was general in character. The record seems to indicate otherwise. The transcript as certified to by the trial court contains the original order, the certification of which was made more than a year ago; the order itself was made almost two years ago. The brief of contestants on appeal states in express language that the order granting a new trial was a general one, and counsel for proponents stated at the time of the argument of the case upon its merits that the order was general and argued his case accordingly. Moreover, parties to an action must take notice of the contents of a record that comes to appellate courts. (*Boyer* v. *Boyer,* 4 Wash. 80 [29 Pac. 981].) Both parties have for a long period of time relied upon the record as contained in the transcript, and have presented their case accordingly. Respondents have shown no excuse for their laches in having the order corrected, assuming it to have not been a general one, and it would be a hardship under all the circumstances to grant the motion and consider the case upon a new record. The motion for diminution of the record is therefore denied.

Knight, J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 12, 1934.

Curtis, J., and Preston, J., dissented.