[Civ. No. 10204. First Appellate District, Division One.—December 31, 1936.]

JAMES A. CARSON, Respondent, v. EMMONS DRAYING & SAFE MOVING CO. (a Corporation) et al., Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellants.

George K. Ford for Respondent.

KNIGHT, J.—Three proceedings have been filed and are now pending in this court in the above-entitled cause, namely, an appeal by defendants from an order granting a new trial (Civ. No. 10039); an appeal by defendants from an *ex parte* order amending *nunc pro tunc* the order granting the new trial (Civ. No. 10204); and a motion by plaintiff for diminution of the record in appeal No. 10039, whereby he seeks to have substituted said *nunc pro tunc* order for the original order granting the new trial. We are here concerned with only the two latter proceedings, and the facts relating thereto are as follows: The action was one to recover damages for personal injuries. It was tried before a jury and a verdict was rendered in favor of defendants. Subsequently, on July 2, 1935, the trial court granted plaintiff's motion for a new trial, and a general order to that effect was entered upon the minutes. Defendants appealed therefrom pursuant to the alternative method provided by section 953a

of the Code of Civil Procedure, and on September 25, 1935, the trial court settled and certified to the correctness of the transcript on appeal. It was filed in this court on October 3, 1935, and on November 7, 1935, defendants filed their opening brief on appeal, consisting of 55 pages. Thereafter and on November 27, 1935, plaintiff's attorneys called the attention of the trial judge to the contents of said opening brief wherein defendants emphasized the limited effect of the general order granting the new trial; and thereupon, without notice to defendants, the trial judge made and caused to be entered the following order: "The plaintiff having heretofore filed in the above entitled court and cause his motion for new trial on several of the statutory grounds, among which was that of insufficiency of the evidence to justify the verdict . . . and said motion having been argued by respective counsel and the argument of counsel being directed to the one and only ground of insufficiency of the evidence to justify the verdict and the court granted said motion on the ground argued by counsel, and it appearing to the court that the record made by the clerk of said court does not correctly show the order that was in fact intended to be made by the court and that said record discloses that the entry on the minutes does not correctly give what was the order of the court: It is hereby ordered that the order granting said motion be and the same is hereby amended *nunc pro tunc* reading: 'The motion for new trial having been heretofore submitted to the court for decision and the court having fully considered the same, it is ordered that the said motion be and the same is hereby granted on the ground of the insufficiency of the evidence to justify the verdict.' " Subsequently and on January 6, 1936, plaintiff filed in this court his motion for diminution of record for the purpose, as stated, of having the *nunc pro tunc* order made part of the record on the appeal from the order granting the new trial. The motion was noticed for January 27, 1936, but on January 25, 1936, defendants took an appeal from said *nunc pro tunc* order; consequently the hearing of said motion was postponed until the appeal from the *nunc pro tunc* order was perfected and placed upon the calendar for hearing.

■ As to the validity of the *nunc pro tunc* order, the general rule is that when an order granting or denying a

motion for new trial is regularly made by the trial court and correctly entered by the clerk, the trial court's jurisdiction in that regard is exhausted, and subsequently it may not modify or vacate such order. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 Pac. 869] ; *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8] ; *Irons* v. *Superior Court,* 10 Cal. App. (2d) 523 [52 Pac. (2d) 553].) But there are well-recognized exceptions to the general rule, and in this regard it has been held repeatedly that independent of statutory provisions a trial court may of its own motion correct mistakes in its proceedings and annul within a reasonable time orders and judgments inadvertently made. (*King* v. *Emerson,* 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768] ; *Robbins* v. *Jenkins,* 9 Cal. App. (2d) 580 [50 Pac. (2d) 826].) As said in *Wiggin* v. *Superior Court,* 68 Cal. 398 [9 Pac. 646], and quoted with approval in *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal. (2d) 198 [47 Pac. (2d) 733] : " . . . Rulings, orders, and even judgments inadvertently made are not the result of judgment,· but of oversight, neglect, or accident, and are subject to correction by the judge or court making them."

Furthermore, it is elemental that a court of record has the inherent power to correct its records so that they conform to the actual facts and speak the truth. (7 Cal. Jur. 613.) But in the exercise of such powers it may not under the form of amendment to its records, correct a judicial error (*King* v. *Emerson, supra*), nor under the guise of an amendment make of record an order that was in fact never made. (*Estate of Easton,* 136 Cal. App. 213 [28 Pac. (2d) 376] ; *Drinkhouse* v. *Van Ness, supra.*)

In the present case defendants contend that there is nothing in the record nor in the *nunc pro tunc* order itself to show that the general order of July 2, 1935, granting the new trial, was the result of inadvertence or clerical mistake, and that therefore the *nunc pro tunc* order is in effect an attempt to correct a judicial error by making of record an order that was in fact never made. It appears, however, that the *nunc pro tunc* order here made is identical in form with the one made and sustained in the case of *Carter* v. *J. W. Silver Trucking Co., supra.* Therefore, under the authority of that case and for the reasons stated therein it must be held here that the trial court acted within its jurisdiction in making the correction in question, and that

the form of *nunc pro tunc* order adopted and filed is legally sufficient for the purpose intended thereby.

██ The remaining question is whether the motion for diminution of record should be denied upon the ground of plaintiff's laches. As pointed out by defendants, plaintiff took no steps whatever to have the general order corrected until nearly five months after it was entered; and in the meantime the transcript on appeal was prepared, settled and filed; and, relying upon the terms of the general order and the resulting presumption of law declared by subdivision 7 of section 657 of the Code of Civil Procedure, defendants prepared and filed their opening brief upon the theory that insufficiency of the evidence was not one of the grounds upon which the new trial was granted. ██ Plaintiff cannot be heard to say that at no time prior to the filing of said brief was he unaware of the general terms of the order because it was set forth in the transcript on appeal, and he participated in the settlement thereof. Moreover, under the law he is charged with notice of the contents of a record that comes to the appellate court. (*Estate of Easton, supra*; *Boyer* v. *Boyer,* 4 Wash. 80 [29 Pac. 981].) Nor can it be said that the granting of the motion for diminution of the record will not work a hardship upon the defendants because necessarily they will be required to prepare, print, and file another brief upon the important additional issue raised by the *nunc pro tunc* order. However, as stated in *Carter* v. *J. W. Silver Trucking Co., supra,* no substantial reason can exist for the enforcement of a rule which has the effect of preventing a consideration of the sufficiency of the evidence to justify the verdict where it appears that an inadvertence has been committed and the opposing party would suffer no substantial injury from a relaxation of said rule; and it is our opinion that no such injury will result to defendants if plaintiff is required to pay the cost of the printing of defendants' opening brief; also the cost of printing such additional briefs as they may choose to file to meet the new issue raised by the amended order, not exceeding in any event the total statutory sum of $100. An order to that effect will be made in that proceeding. (Civ. No. 10039.)

The *nunc pro tunc* order of November 27, 1935, from which the appeal herein was taken is affirmed.

Tyler, P. J., and Cashin, J., concurred.