[Civ. No. 22167.   Second Dist., Div. One.   Dec. 27, 1956.]

DONNA JEAN COURTELL, a Minor, etc., Respondent, v. B. H. McEACHEN et al., Appellants.

Murchison & Cumming for Appellants.

Frank W. Swann, Jr., for Respondent.

THE COURT.—Appellants have filed an application for an order of this court augmenting the record on appeal by adding to the clerk's transcript on appeal a supplement show-

ing separately each instruction given to the jury, by whom each such instruction was requested, and whether the same was given as requested or whether the same was modified by the court; and also adding all instructions requested by the parties but refused by the court, showing in each instance the party by whom such instruction was requested.

It appears that the reporter's transcript on appeal contains each instruction which was given to the jury, but does not indicate in connection with each instruction at whose request the same was given, or whether the same was given on the court's own motion, or given as modified, and that said transcript does not contain the instructions offered by the parties and refused by the court.

By affidavit of their counsel appellants aver, "That a proper and adequate presentation of the questions to be raised on appeal, namely, the propriety of giving certain instructions, cannot be correctly and adequately presented unless the record herein is augmented" as requested.

Respondent makes no objection to an order being made directing the filing of a supplement to the clerk's transcript showing, ". . . at whose request such instruction was given or whether the same was given on the Court's own motion and further whether any such given instruction was modified and if so the wording of such modification."

Respondent, however, opposes including in the requested supplement, ". . . all instructions requested by the parties but refused by the Court," on the ground that "Appellants are barred from such augmentation by laches and inexcusable delay."

The record reveals that on May 10, 1956, appellants filed their "Notice to Prepare Transcript and Designation of Items to be Included."

On September 11, 1956, counsel for appellants and respondent were advised by the usual printed form notice of completion of clerk's and reporter's transcripts on appeal, pursuant to rule 8(a) that each party had 10 days after the mailing of such notice on said date to file a request for correction of such transcripts. No request was then made to include additional matters.

On September 21, 1956, respondent filed in the superior court a motion for correction of the reporter's and clerk's transcripts on appeal in this action which motion was heard in Department 11 on October 5, 1956. Bruce Murchison, attorney for appellants, was present at the argument of such

motion, and as pointed out by respondent, the appellants "at that time could have called to the Court's attention the matter which he now wishes included in the record but he failed so to do."

As to the prejudice that will ensue to respondent should the motion herein be granted in its entirety, it is urged that "the accident to respondent occurred on February 11, 1953, and the trial of the within action ended on March 5, 1956. It has taken from that date until the present time to get the record filed in this court. Respondent is a little girl now nine (9) years of age whose parents have no funds, and who urgently needs two additional operations to correct conditions caused by the accident."

As stated in *Estate of Easton*, 136 Cal.App. 213, 216 [28 P.2d 376], ". . . parties to an action must take notice of the contents of a record that comes to the appellate courts." In the instant case it is plain that appellants were not taken by surprise nor have they shown any excusable neglect or other good cause to secure the relief prayed for. We are satisfied that the application should be denied insofar as it asks for inclusion in the record of all instructions requested by the parties and refused by the court. This because of the unexcused delay of appellants in seeking their relief, and further because of the manifest injustice that would occur to respondent.

It is therefore ordered that the record on appeal be augmented by adding to the clerk's transcript on appeal herein a supplement showing separately each instruction given to the jury, by whom each such instruction was requested, and whether the same was given as requested or was given as modified by the court.

And it is further ordered that the clerk of the Superior Court of the County of Los Angeles be, and he is hereby directed to prepare said supplemental transcript in accordance with this order.

It is further ordered that the time for appellants to file their opening brief herein be and it is hereby extended until 30 days after said supplemental transcript herein ordered has been filed in this court.

In all other respects the application is denied.