Filed 12/20/24  Holt v. Alvarado CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CALVIN HOLT,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>M. ALVARADO et al.,<br><br>    Defendants and Respondents. | F085357<br><br>(Super. Ct. No. 19C-0135)<br><br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Kings County.  Melissa R. D'Morias, Judge.

Calvin Holt, in propria persona, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Monica N. Anderson, Assistant Attorney General, Neah Huynh, Oliver C. Wu and Juliet Lompa, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

\*        Before Detjen, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

In this case, appellant Calvin Holt, an inmate housed at Salinas Valley State Prison, seemingly alleged he was subjected to multiple rules violations reports (RVRs) related to the same incident in which he refused to accept a new cellmate. Holt claimed this was a form of unlawful "stacking." The trial court sustained a demurrer with leave to amend, and then following Holt's amendment, sustained a second demurrer without further leave to amend. Because Holt has failed to include any of the necessary documents in the record for us to review, we affirm.

## BACKGROUND

The specific factual allegations of the complaint are largely irrelevant to this matter's resolution and are, in fact, unknown, since the record on appeal does not contain the original complaint, the first amended complaint (FAC), or the second amended complaint (SAC). We gather from the briefing Holt generally claimed respondents M. Alvarado, A. Shaw, S. Sherman, and M. Owens inappropriately "stacked" multiple RVRs related to the same incident. It is unclear what type of relief he sought, since he also acknowledges he was granted at least partial relief through the internal appeals process at the prison which agreed some of the RVRs constituted impermissible stacking.

The original complaint in this matter was filed on March 19, 2019. It was removed to federal court on July 5, 2019, before ultimately being remanded to Kings County Superior Court on May 12, 2021. A demurrer to the FAC—which had apparently been filed while the case was in federal court—was filed on June 11, 2021. After several extensions of time, Holt filed an opposition on November 1, 2021, and on January 12, 2022, the trial court sustained the demurrer with leave to amend. The grounds on which the court sustained the demurrer are unknown, as none of the orders sustaining either demurrer are included in the record before us. The SAC was filed on February 8, 2022. A demurrer to the SAC was filed on March 30, 2022, and after numerous further extensions, the court sustained the demurrer to the SAC on October 21, 2022, again for

reasons unknown. Judgment was entered on November 10, 2022, and a notice of appeal was timely filed on November 28, 2022.

## DISCUSSION

" ' "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." [Citation.]' " (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776–777.) "The appellant bears this burden of rebutting the presumption of correctness accorded to the trial court's decision, regardless of the applicable standard of review." (*Id.* at p. 777.) It is a fundamental rule of appellate procedure that the appellant in a case is responsible for providing an adequate record on appeal, since the burden is on the appellant to show the trial court's decision was erroneous. (Cal. Rules of Court, rule 8.120;[1] *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 ["It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error."]; *Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1 ["It is axiomatic it is the appellant's responsibility to provide an adequate record on appeal."]; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 ["It is the burden of [the] appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination."].) This obviously requires including the decision from which an appeal is taken. (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [failure to provide order on motion to strike in appellate record results in affirmance of underlying order].) If the appellant fails to include an adequate record, the appeal must necessarily be resolved against him. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187;

---

[1]     All further rule references are to the California Rules of Court.

3.

*Hernandez*, at p. 502.)  These are well-established rules.  (*Conner v. Rose* (1963) 219 Cal.App.2d 327, 329; *Olson v. Ranker* (1928) 93 Cal.App. 124, 125; *Onell v. Chappell* (1918) 38 Cal.App. 375, 376.)

At any time, either on the motion of a party or its own motion, this court may order the record augmented to include any document filed or lodged in the superior court. (Rule 8.155(a)(1).)  A party moving to augment the record "must attach to its motion a copy, if available, of any document or transcript that it wants added to the record," or identify it as required by the rules for designating the record.  (Rule 8.155(a)(2)–(3).) Augmentation is never a matter of right, and rests always within the discretion of the court, typically upon a showing of good cause for the failure to adequately designate the record previously.  (See *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 [augmentation denied where appellant showed no good cause for late motions to augment]; *Courtell v. McEachen* (1956) 147 Cal.App.2d 219, 221 [denying augmentation for lack of good cause for omission].)  An appellant "is not entitled to commence [the designation of the record] all over again to prepare an entirely different form of record in the absence of some such unusual circumstance as the complete inability to obtain the record originally sought."  (*Russi v. Bank of America* (1945) 69 Cal.App.2d 100, 101.)  Motions to augment must be filed by the appellant within 40 days of the record being received from the trial court clerk.  (Ct. App., Fifth Dist., Local Rules, rule 1(b), Augmentation of Record and Correction of Omissions From Record.)

If a required or designated portion of the record is omitted by a court clerk, a party "may serve and file a notice in superior court specifying the omitted portion and requesting that it be prepared, certified, and sent to the reviewing court." (Rule 8.155(b)(1).)  A copy of that notice must be sent to the reviewing court.  (*Ibid.*) The court clerk must then comply within 10 days.  (Rule 8.155(b)(2).)  If the clerk fails to

4.

comply, the party may enforce compliance via a motion to augment, "attaching a copy of the notice" to the motion to augment. (*Ibid*.)

Here, the record is wholly devoid of the basic documents necessary for us to review the trial court's decision. Holt failed to include the court's decision sustaining the SAC, the decision sustaining the FAC, any of the underlying briefing on the demurrers, any transcripts of oral proceedings related to the demurrers, or any of the three complaints filed in this matter in the record presented to us here. While designating the record on appeal on May 3, 2023, Holt included a handwritten note to the trial court clerk indicating he could not identify which documents to include because his paperwork related to this case had either been misplaced or was in disarray, and accordingly, requested a docket of the underlying action be provided. Shortly thereafter, on July 11, 2023, the Clerk of the Kings County Superior Court filed the record in this action. In doing so, the clerk provided a declaration noting appellant's concerns with being unable to appropriately designate a record, and included with the record the entire register of actions. It appears appellant never thereafter filed a notice under rule 8.155 asking the clerk to add whatever missing parts of the record appellant believed were necessary. No copy of any such notice was served on this court, as required by rule 8.155(b)(1), and no such notice was attached to appellant's later motion to augment, as required by rule 8.155(b)(2). Further, no motion to augment was filed within the required time.

Instead, following this designation of the record, Holt filed and was granted six separate requests for extensions of time to file his opening brief—on August 21, October 3, and November 14, 2023, and again on January 5, February 14, and March 26, 2024. Amongst these documents, Holt acknowledged he had not yet filed a complete record in this appeal, indicating he was aware of this requirement. However, rather than move to augment the record, Holt simply filed his opening brief on May 10, 2024— which was itself submitted three days late—without ever requesting the trial court clerk add any further omitted documents to the record and without moving this court for

augmentation. On May 14, 2024, respondents filed their brief, noting the record was insufficient and arguing the trial court's decision should be affirmed because appellant could not meet his burden of showing error. Two weeks later, on May 28, 2024, Holt separately filed both a motion to augment the record and a request for judicial notice. These requests for judicial notice and augmentation identify trial court documents claimed to be necessary to the record on appeal here, but do not actually include any of these documents. On May 30, 2024, respondents opposed these requests, noting correctly that post briefing augmentation of the record is not appropriate where appellant has been wholly negligent in designating the record on appeal.

We decline to grant augmentation or judicial notice here. Holt requested and was provided with the trial court's entire register of actions within two months of designating the record, and yet never moved to augment the record or notified the trial court clerk which items were omitted from his designation prior to filing his briefs. The motion for augmentation is dramatically untimely. Although required to be filed within 40 days of the certification of the record, which happened in July 2023, Holt's motion to augment was filed approximately 323 days later, after six extensions of time to complete his opening brief had been granted, and only after respondents had filed a brief pointing out Holt's designation of the record on appeal was wholly deficient and required his appeal to be denied. To allow augmentation now would be tantamount to restarting this entire appeal, which has now been pending for over 18 months, as entirely new briefing would need to be submitted after the relevant portions of the record were made available. We decline to permit this in the circumstances of this case. Nor may judicial notice be used to circumvent the rules surrounding preparation of the record. (See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1064 ["Requests for judicial notice should not be used to 'circumvent[]' appellate rules and procedures, including the normal briefing process."], overruled on other grounds by *In re Tobacco Cases II* (2007) 41 Cal.4th 1257.)

## DISPOSITION

The request for judicial notice and motion to augment the record are denied. Holt has failed to affirmatively demonstrate any error occurred, and thus the trial court's order is affirmed. Each party shall bear its own costs.