[Decided February 1, 1887.]

## UNITED STATES v. LONE FISHERMAN.

1. APPEAL — ADMIRALTY — NOTICE. — Where the only notice of appeal in an admiralty suit was given more than two months after the decree, and more than forty days after the expiration of the time given, when sentence was entered, in which to perfect an appeal, the notice is ineffectual, either under civil-law rules or those rules as modified by rules in admiralty.

2. SAME — RECORD. — An appellate court cannot hear a cause in equity or admiralty upon the merits, unless it has before it the facts upon which the court below acted.

3. SAME — RECORD — DISMISSAL. — Where there is nothing in the certificate of the judge to the statement of facts, or elsewhere in the transcript, to show that the adverse party was present when the statement was made up, or had any notice that it would be made, in the absence of a showing of one or both of these facts, the certificate to the statement will be of no avail, and the appeal should be dismissed.

APPEAL from the District Court holding terms at Seattle. Third District.

Motion to dismiss an appeal in admiralty upon the grounds stated in the opinion of the court.

*Messrs. Struve, Haines, & McMicken,* for the Appellant, and against the motion.

*Mr. W. H. White, United States Attorney,* and *Mr. C. H. Hanford,* for the Appellee, and *contra.*

Mr. Justice HOYT delivered the opinion of the court.

Appellee moved to dismiss the appeal herein because, —1. Said appeal has not been taken and perfected in accordance with the rules of the civil law; 2. There is no such record here as gives this court jurisdiction to hear and determine under the act of 1883 relating to appeals. In our opinion, the position of appellee is clearly right as to the first point, for the only notice of appeal in the transcript was given over two months after the judgment, and over forty days after the expiration of the time given at the time of sentence in which to per-

fect an appeal, and presumably at another term of court. It must follow that said notice was ineffectual under the civil law, pure and simple, or under the same as modified by rules in admiralty in force in said court; and we understand counsel for the appellant substantially concedes this point and rests his right to be heard in this court upon the said act of 1883, and therefore strongly disputes the above-stated second point of appellee.

This court has frequently held that it cannot hear upon the merits a cause in equity or admiralty, unless it has before it the facts upon which the court below acted, and though some of the court as at present constitued think that the proper judgment in such a case is one of affirmance, and others of dismissal, we are all agreed that if in a case like the one at bar the facts are not properly before us, then there is nothing for this court to hear. Does the transcript show that the statement of facts has been so certified under the laws of 1883 as to entitle it to consideration?  There is nothing in the certificate of the judge to such statement, or elsewhere in said transcript, to show that any notice of such a settlement was ever given the adverse party, or that such party was present at such settlement; and in the absence of a showing of one or both of these facts, we think the certificate of settlement is of no avail, and that for the want of a properly settled and certified statement of facts, the appeal herein must be dismissed.

The majority of the court reserve the question as to the application of the law of 1883 to admiralty causes, as its decision is not necessary in this case.

The motion to dismiss is granted.

TURNER, J., and LANGFORD, J., concurred.