[No. 212. Decided July 7, 1891.]

JAMES B. FAULCONER AND ALMIRA O. FAULCONER v. MARIA A. WARNER AND ALEXANDER WARNER.

APPEAL—STATEMENT OF FACTS—BY WHOM SETTLED.

Under Laws 1889–90, p. 334, § 4, a statement of facts on appeal cannot be settled by the judge who tried the cause after he goes out of office, as there is nothing in the statute specially providing that judicial functions shall be retained for such purpose. (ANDERS, C. J., dissents.)

*Appeal from Superior Court, Spokane County.*

Motion by appellees to strike statement of facts from the record, and to affirm the judgment, because said statement

is not certified as a statement of facts by any officer author-
ized to certify the same.

*Fenton & Fenton,* and *Belt & Quinn,* for appellants.

*Turner & Graves,* for appellees.

The opinion of the court was delivered by

HOYT, J. — The statement of facts to support the appeal
in this case was settled by the judge who tried the same
after he had gone out of office, and his successor had
assumed the duties thereof.   For this, among other reasons,
respondents move the court to strike such statement, and
affirm the judgment of the court below.   Our statute in
relation to this matter provides that such statement shall
be settled by the court or judge who tried the cause.
Does this provision authorize the settlement of such state-
ment by a private individual simply because at one time
he was the court or judge who tried the cause?   I think
not.   That the settlement of such statement is the exercise
of a purely judicial function is conceded, but it is con-
tended on the part of appellants that the language of the
statute is broad enough to confer upon such private person
such powers, their theory being that, by virtue of such
statute, it must be held that the legislature intended that
so much of the judicial power of the judge as was neces-
sary for such purpose should be retained by him after
he went out of office.   I can see nothing in the language
used by the legislature to warrant such a contention.
The words "court or judge" cannot be held without too
strained an effort to mean not only what they say, "the
court or judge," but also the person who was the court or
judge on a certain day long past.   In the absence of a
statute expressly or by necessary intendment providing
for the exercise of such powers by a judge after he had
gone out of office, I am of the opinion that it would be

judicial legislation to hold that he had any such power. Appellants urge the hardship that must ensue from such a construction of our statute. I do not now decide that, under the circumstances of this case, there was no method provided by which such statement could have been properly settled; but even if this were so, and I should be of the opinion that there had been a failure of proper legislation upon that subject, that fact would not warrant this court in making a legislature of itself, and supplying the deficiency. It is true that, in the cases cited by appellants from the states of Wisconsin, Connecticut and Nebraska, the courts seem to have made such decisions as would warrant the contention in this case; but I am not satisfied with the reasoning of such cases. Besides, most of those decisions were put upon the express ground of long continued usage in the states where the decisions were rendered. The courts of Indiana, and other states not necessary to mention, have taken the other position, and the reasoning therein contained seems to me incontrovertible. See *Smith v. Baugh*, 32 Ind. 163; *Ketcham v. Hill*, 42 Ind. 64. When a judge goes out of office, he can retain no judicial functions, excepting such as it is specially provided by statute that he shall retain, and, under our statute, his power to settle a statement of facts is not so retained.

Several other reasons were assigned by respondents why this statement should be stricken, but the conclusion to which we have come as to this principal one makes a decision thereon unnecessary. The motion to strike must be granted, and, as that leaves nothing upon which the appeal can stand, the judgment of the court below will be affirmed.

SCOTT, DUNBAR, and STILES, JJ., concur.

ANDERS, C. J. (*dissenting*). — I respectfully dissent from the conclusion reached by the majority of the court. The duty of settling a statement of facts, which is to be made a

part of the record on appeal to the supreme court, is strictly statutory; and the law governing this case provides, among other things, that the party appealing may give notice to the opposite party or his attorney that, upon a day to be named in said notice, he will apply to the court or judge who tried the cause or made the decision, order or judgment complained of, at a place to be named in said notice, to settle and certify said statement of facts. It is further provided that, upon the day named in said notice, the said parties, or their attorneys, may appear before the said "court or judge;" and it shall be the duty of said court or judge to settle what is the proper statement, and to certify the same. See Laws 1889–90, p. 334, § 4. It seems to me that, when the statute expressly declares that this duty shall be performed by the court or judge who tried the cause or made the decision, order or judgment complained of, this court ought not to say that, notwithstanding the plain and unambiguous language used by the legislature, the judge who actually tried the cause and rendered the judgment appealed from, and who is the only person who is presumed to know the very facts to be settled and certified, cannot perform that most important duty, simply because he has ceased, since the trial, to hold the office with which he was clothed at the time he became possessed of the facts. I cannot conceive how the individual who signed and certified the statement of facts in question is any less the judge who tried the cause since his retirement from the bench than he would be if he had retained all of his judicial functions. Certainly there is no other judge who tried the cause, and no other judge or "court" cognizant of the facts which occurred on the trial, and, if the judge who presided at the trial cannot certify to what took place before him, the right of appeal, in such cases as this, will be greatly clogged with difficulties, if not altogether destroyed. There seems to be no method

pointed out by statute whereby the successor of the judge who tries a cause may be made to know the facts to be settled and certified by the "court or judge," and this fact alone is a cogent reason for concluding that the legislature did not intend to cast that duty upon him. Whether the settlement of such statement is the exercise of a judicial function or not, it is nevertheless competent for the legislature to authorize the doing of it by a judge after he has gone out of office. This was so held in *Johnson v. Higgins*, 53 Conn. 236 (1 Atl. Rep. 616). It was contended in that case that such an act of the legislature was unconstitutional, and that the act of signing the finding and statement upon appeal was a judicial act, and must have been done by the judge while in office. And STODDARD, J., in delivering the opinion of the court, said:

"Even if it be admitted that the act of the judge in signing the finding on appeal is a judical act in the sense claimed by the plaintiff, and that the act was done after he had ceased to be such judge, no authority has been brought to our attention denying the legislature the power implied in the law in question. No substantial reason is given why the legislative power is incompetent to authorize judicial officers, after their term of office, to complete the history of trials had, and to give permanent and official form to facts found during their term of office. Such acts are rather clerical than judicial."

In Wisconsin it has been the uniform practice for judges, after their term of office, to settle bills of exceptions, on the ground that, if not permitted so to do, a party would be deprived of the benefit of an appeal. *Fellows v. Tait*, 14 Wis. 156; *Davis v. Village of Menasha*, 20 Wis. 194; *Hale v. Haselton*, 21 Wis. 320. The courts of Indiana take the opposite view of the question, and hold that such acts are judicial, and can only be done by a judge while in office; but as to what the statutes of that state are upon the subject, I am not informed. In *State v. Barnes*, 16

Neb. 37 (19 N. W. Rep. 701), under a statute providing for the settlement of bills of exceptions by "the judge who heard or tried the case," or, in case of his death, absence or physical disability to act, then by the clerk, it was held that the judge who tried the case not only had the power, but it was his duty, after his term of office had expired, to settle and allow a bill of exceptions, and that, in a proper case, *mandamus* would lie to compel him to do so. And in the course of the opinion by REESE, J., at page 40, it is said:

"The duty of settling the bill now being imposed upon the person 'who heard or tried the case,' it seems clear to us that the duty attaches to the incumbent at the time of the trial, and continues until it is performed, subject to the exceptions contained in the statute."

To my mind, our statute is equally as clear as the one under consideration in that case, and all the reasons there given by the court are applicable to the case at bar. For the foregoing reasons, I am of the opinion that the motion to strike the statement of facts from the files should be denied.