[No. 307. Decided October 29, 1891.]

JOHN ENOS, *Respondent*, v. TURNER J. WILCOX AND
MARY E. WILCOX, *Appellants*.

APPEAL—STATEMENT OF FACTS—BY WHOM CERTIFIED—FINDINGS IN
EQUITY CASES.

Where a statement of facts on appeal has not been settled and certified within the time prescribed by statute, it will be stricken from the record.

One who has ceased to hold the office of judge is unauthorized by law to certify a statement of facts.

Where the statement of facts has been stricken from the record on appeal in causes of equitable cognizance, the supreme court will not pass upon the findings of fact and conclusions of law made by the court below.

*Appeal from Superior Court, Spokane County.*

Motion by respondent to strike the statement of facts from the record and to affirm the judgment.

*McBride & Allen*, for appellants.

*Turner & Graves*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—The respondent moves the court to strike the statement of facts filed herein from the record, and to affirm the judgment of the court below, because: (1) Said statement of facts was settled and signed out of time, upon a notice given out of time, and without authority of law; and (2), because said statement is not certified as a statement of facts by any officer authorized to certify the same. The judgment appealed from was rendered on January 8, 1891, and the notice of appeal was given on July 7, 1891, and was therefore in time; but the notice upon which this statement was settled was not given until July 6,

1891, and the statement itself was not settled, or brought before the judge for settlement, until after the latter date. As our statute requires the notice for the settling of a statement of facts to be given to the opposite party, or his attorney, within thirty days after the decision, order or judgment to be appealed from was made or rendered, and that said notice shall specify a date, not less than ten nor more than thirty days from the day of service of the motion, at which application will be made to the court, or judge, to settle the statement, it follows that this statement of facts was settled and certified out of time, upon a notice unauthorized by law, and must, therefore, be treated as a mere nullity, irrespective of the other objection to its validity urged by counsel for respondent. See Laws of Washington, 1891, p. 347, § 21.

Respondent's second objection to the statement is equally as fatal as the first. The certificate attached thereto is signd "J. M. KINNAIRD, *ex-Judge Superior Court.*" In *Faulconer v. Warner*, 2 Wash. 525 (27 Pac. Rep. 274), this court held that one who has ceased to hold the office of judge is unauthorized by law to certify a statement of facts. The statement of facts in this case is therefore without authenticity, and wholly invalid for this reason also. But the learned counsel for appellants challenges the authority of this court to strike the statement of facts from the record, even if it be invalid, but, at the same time, he concedes that the court may disregard the statement if it is not properly authenticated. This concession, it would seem, reduces the objection to one of nomenclature only. To strike out part of a record is simply to refuse to consider that part in the determination of the matter under consideration, or in other words, to disregard it. And to disregard a portion of the record is, in effect, to strike it out. That the name by which the proceeding may be known is of no consequence is cer-

tainly evident. Whatever may be the rule of procedure elsewhere, it has always been the practice of this court to entertain motions to strike out objectionable portions of the record, and we see no substantial reason for deviating from the usual practice now. The statement of facts must be stricken out.

But it is insisted by counsel for appellants that even although the statement of facts should not be considered by the court in this case, still sufficient error appears in the record to work a reversal of the judgment. An examination of the assignment of errors discloses the fact that the errors relied on by appellants for reversal of the judgment all refer to the findings of fact and conclusions of law made by the court. But this being a cause of equitable cognizance, no findings of fact or of law were necessary. See *Kilroy v. Mitchell*, 2 Wash. 407 (26 Pac. Rep. 865). It is only in an action at law, where a jury is waived and the cause tried by the court, that findings of fact and conclusions of law are required to be filed. In such cases the findings of fact take the place of the verdict of a jury, and if the conclusions of law drawn from the facts as found by the court are unwarranted, or if the judgment is not supported by the findings, then such judgment will be reversed by the appellate court for error. See Code, §§ 245-7.

But in an action for equitable relief, the rule is otherwise. Such a cause comes here for trial *de novo*, and in order to so try it, this court must be put as fully in possession of the whole case as was the court below. The testimony before the superior court in this case not having been properly brought up, it is impossible for us to determine what facts are, or are not, proven thereby; and as we must draw our own conclusions from the testimony we cannot, and should not, be bound by any conclusions or findings of the court below. It would seem clear that this court cannot try a

cause anew upon the merits without being possessed of all the facts upon which the court below acted. If proofs were taken there this court must have the same testimony before it, or a re-trial will be manifestly impossible. While we have, under our code system, but one form of action for the enforcement or protection of private rights and the redress of private wrongs, and while all causes must be brought in that form, still the legislature has not attempted to abrogate any primary rights or remedies. The old methods of procedure have been unified, but the rights and remedies remain the same, and are respectively maintained and secured by one common method. Legal actions *may* be tried by the court, but equitable actions *must* be so tried, because from their very nature they are usually incapable of being tried in any other way. This fact has always been recognized by the legislature, as well as by the courts, and hence we see the distinction in its enactments, with reference to what the record shall contain on appeal, between legal and equitable causes. This court has almost invariably held that, on appeal, the whole case, including the testimony, in an equitable action, must be brought before it, as was done before the reformed procedure was adopted; and the legislature has recognized the fact by requiring a different, or more complete, statement of facts in such cases than is necessary in actions at law. The law, both in the acts of 1890 and 1891, requires the statement on appeal in causes of equitable cognizance, where the appeal is from the final judgment, to contain all the testimony on which the cause was tried below, together with any exceptions or objections taken to the reception or rejection of testimony. See Laws 1889–90, p. 335, § 5, and Laws 1891, pp. 347–8, § 22. And the older statutes were substantially the same. Code, §§ 451, 464.

Why has the legislature thus explicitly required all the testimony upon which the cause was tried below, in actions

for equitable relief, to be brought to this court? Manifestly because it has been cognizant of the fact that such a cause cannot otherwise be tried anew. Our conclusion, therefore, is that in the case at bar we have nothing before us to determine, and must either dismiss the appeal or affirm the judgment of the court below. Under such circumstances the usual practice has been to affirm. *Coleman v. Yesler,* 1 Wash. T. 591; *Mulkey v. McGrew,* 2 Wash. T. 259 (5 Pac. Rep. 842); *U. S. v. Lone Fisherman,* 3 Wash. T. 316 (13 Pac. Rep. 617); *Kenyon v. Knipe,* 3 Wash. T. 243 (13 Pac. Rep. 759); *Faulconer v. Warner,* 2 Wash. 525 (27 Pac. Rep. 274). But cases might arise in which such a course would not be just to the appellant, and consequently would not be adopted. In this case, however, the result will be in effect the same whether the appeal be dismissed or the judgment affirmed.

The judgment of the lower court is, therefore, affirmed.

DUNBAR, HOYT, STILES and SCOTT, JJ., concur.