[No. 1609. Decided March 6, 1895.]

HOWARD W. BAKER et al., *Respondents*, v. THE WASHINGTON IRON WORKS COMPANY, *Appellant*.

APPEAL — FAILURE TO FILE TRANSCRIPT — DISMISSAL.

Where a statement of facts has not been filed within the time prescribed by statute, it will, in the absence of any explanatory showing justifying delay, be stricken from the files.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman* (*Ernest S. Lyons*, of counsel), for appellant.

*Fairfield & Cross*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondents move to strike the statement of facts certified to this court and affirm the judgment of the court below, for the reasons that said statement of facts was not filed in the cause, nor was a copy thereof served on respondents, within thirty days from the date of judgment, the time for filing and serving the same not having been extended by stipulation of counsel or by order of the court, and no application therefor having been made. The record shows that the verdict was rendered in the case on the 16th

day of May, 1893; that the judgment appealed from was entered on the 19th day of May, 1893; and that the proposed statement of facts was not served until the 8th day of August, 1893, more than sixty days after entry of final judgment. It also appears from the record that a motion for a new trial was served and filed on the 24th day of May, 1893, eight days after the reception of the verdict, and five days after the rendition of the judgment in the cause. On June 3d, 1893, the motion for a new trial was stricken from the calendar; and on July 10, 1893, the motion was overruled. From an inspection of the entire record it is clear that the time within which an appeal might be taken from said judgment began to run on May 19, 1893.

The statute, § 13 of the act of March, 8, 1893, (Laws, 1893, p. 116), provides that the statement of facts must be filed and served within thirty days after the time begins to run within which an appeal may be taken from a final judgment in the cause, and further provides that the time so prescribed may be enlarged for a period not exceeding sixty days in addition thereto by stipulation of the parties, or by an order of the court or judge upon good cause shown and upon notice to the adverse party.

In opposition to the respondents' motion, of which motion the appellant has had abundant notice, there is no explanation offered, excuse given or showing made, and while the failure to file or serve a proposed statement within the time prescribed by the statute might not subject the statement to be stricken in all cases, still we think as presented here, in the absence of any explanatory showing, the motion should prevail. *Enos v. Wilcox*, 3 Wash. 44 (28 Pac. 364).

The legal sufficiency of the complaint is not called

in question, and it being found sufficient to sustain the verdict returned by the jury, it follows that the judgment appealed from must be affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.