SCHOFIELD v. BAKER et al.

(District Court, W. D. Washington, N. D. May 29, 1917.)

No. 1–E.

1. COSTS ⟨⇒203—MEMORANDA OF COSTS—TIME FOR FILING—"DECISION"— "VERDICT."

In view of Rem. & Bal. Code Wash. § 368, providing that on a trial by the court the finding of the court upon the facts shall be deemed a verdict, where an opinion filed by the court, directing a decree for plaintiff, was not a mere expression of views upon the question in controversy, but concluded the facts, it was a "decision," within a rule of court requiring the successful party to file a memorandum of costs within five days after rendition of the verdict or notice of the decision of the court, as, under the rule, "decision" bears the same relation to nonjury cases as "verdict" to jury cases, and a "verdict" is a conclusion upon the facts, and in effect a direction for judgment, while a "decision" is an order for judgment, and determines the judgment to be entered.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 768–771, 779.]

2. TRIAL ⟨⇒318—"GENERAL VERDICT."

A "general verdict" is one by which the jury pronounces at the same time on the fact and the law, either in favor of the plaintiff or the defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 753, 754, 756.]

Action by John W. Schofield, receiver, etc., against George W. Baker and others. On appeal from the clerk's disallowance of costs. Decision of the clerk sustained.

242 F.—42

Bausman, Oldham & Goodale, of Seattle, Wash., for plaintiff.
Grosscup & Morrow, of Tacoma, Wash., and Corwin S. Shank and H. C. Belt, both of Seattle, Wash., for defendants.

NETERER, District Judge. On March 12, 1914, opinion directing decree for plaintiff was filed in this cause. 212 Fed. 504. Decree was entered April 1st following. Plaintiff filed a cost bill, with notice of acceptance of service on April 6, 1914. Objections to cost bill were filed April 9, 1914. The clerk disallowed the taxation of all costs other than the clerk's costs, on the ground that a memorandum of costs was not served and filed within five days after the rendition of the decision of the court, pursuant to rule 70. Appeal from the clerk's disallowance of costs is presented to the court.

[1, 2] Rule 70 provides that a party in whose favor a judgment is rendered, and who claims his costs shall within five days after rendition of the verdict, or after notice of the decision of the court, file a memorandum of costs, and in case of failure to serve and file such memorandum and notice all costs other than clerk's costs shall be deemed waived. In this rule "decision" bears the same relation to a nonjury cause as does "verdict" to a jury cause. A general verdict is one by which the jury pronounce at the same time on the fact and the law, either in favor of the plaintiff or the defendant. 4 Blackstone's Commentaries, 461. A verdict is a conclusion upon the facts, and in effect a direction for judgment. The findings of the court upon the facts in a nonjury case shall be deemed a verdict under the Washington statute (Remington & Ballinger's Code, vol. 1. § 368). Willey v. Morrow, 1 Wash. T. 478; Enos v. Wilcox, 3 Wash. 44, 28 Pac. 364. Verdict and decision bear the same relation to the respective cases. The decision of a court is, among other things, an order for judgment. It actually determines the judgment to be entered. Garr, Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867.

The question at issue to be determined is whether the memorandum filed merely expressed views upon the question in controversy, or whether it was a decision concluding upon the facts. In re Winslow Estate, 12 Misc. Rep. 254, 34 N. Y. Supp. 637; Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885. An examination of the memorandum filed (212 Fed. 504, supra) is conclusive that the decision concludes the facts, and a decree is directed upon the facts accordingly.

The decision of the clerk is sustained.