[No. 18706. Department One. February 26, 1925.]

JOHN SMITH COMPANY, *Respondent,* v. WALTER T. HARDIN *et al., Defendants,* KERR-GIFFORD COMPANY, *Appellant.*[1]

APPEAL (169)— PARTIES — DISMISSED FROM SUIT. After a re-mittitur has issued from the supreme court, directing a certain judg-ment to be entered, an intervener attempting to intervene who was dismissed out of the case and made no further appearance is not a necessary party to an appeal from the judgment entered on the remittitur.

SAME (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS. Where no exceptions are taken to the findings and no questions are raised concerning the introduction of the testimony, the statement of facts will not be considered; as the only question is whether the findings support the judgment.

CHATTEL MORTGAGES (36)—CONSTRUCTION—ESTATES AND INTERESTS OF PARTIES. A chattel mortgage of the whole crop of wheat, given by a tenant on shares, covers the interests of both lessor and lessee, as between the mortgagee and a purchaser of the crop from the lessee.

APPEAL (475)—DECISIONS—SUBSEQUENT APPEALS—QUESTIONS CON-CLUDED. A judgment in conversion, on a former appeal, for the full value of a crop of wheat, mortgaged by a tenant on shares, is *res adjudicata* and conclusive, as between the plaintiff, who was the mortgagee, and the defendant, that the mortgage covered the in-terests of the lessor as well as of the lessee.

TROVER AND CONVERSION (36)—MEASURE OF DAMAGES. In conver-sion for a crop of wheat, where there was no wilful trespass, the measure of damages is the market value at the time and place of the conversion.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered January 22, 1924, upon findings in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Re-versed.

*Sharpstein, Smith & Sharpstein,* for appellant.

*Chas. W. Johnson,* for respondent.

[1]Reported in 233 Pac. 628.

BRIDGES, J.—John Smith made a contract with Hardin Brothers under the terms of which the latter were to sow to wheat certain of the former's lands, the tenant to receive two-thirds of the crops raised and the landlord to receive one-third, the same to be delivered to him in a warehouse to be agreed on. About the same time, the tenant, so-called, mortgaged to John Smith Company, a corporation, the 1920 crop of wheat to be raised on the land in question, to secure certain considerable sums of money. Later the John Smith Company brought this suit to foreclose its mortgage on the 1920 crop of wheat. By means of the answer and reply, the action became in fact one for conversion as between the John Smith Company and Kerr-Gifford Company. It appears that the tenants sold all of the wheat to the last named company. It was contended that the John Smith Company, the mortgagee, expressly consented to the sale and to the purchase price being paid to the tenants. The result of the trial was that judgment was entered against Hardin Brothers, who owed the indebtedness, but all relief was refused as against Kerr-Gifford Company, and upon appeal to this court we held that John Smith Company had not authorized the tenants to sell the wheat free and clear of the mortgage or otherwise, and had not authorized Kerr-Gifford Company to pay the purchase price to the tenants. *Smith Co. v. Hardin,* 126 Wash. 425, 218 Pac. 2. The concluding portion of the opinion in that case is as follows: "Therefore judgment should have been entered against the respondent Kerr-Gifford Company for the value of the mortgaged wheat which it admittedly received. Reversed with directions to enter judgment in accordance with the views herein expressed."

Upon the going down of the remittitur, additional testimony was taken and the following facts were dis-

closed, as shown by additional findings of fact made by the trial court: that 500 bushels of Bart wheat and 2,327 bushels of Turkey Red wheat were, during the latter part of August, 1920, delivered by the tenant to Kerr-Gifford Company; that prior thereto a contract had been made between the tenant and Kerr-Gifford Company by the terms of which the latter was to buy all of this wheat, paying therefor $2.41 per bushel on the basis of number one wheat; that the wheat in question was not as good as number one, and because thereof the contract price was reduced six cents per bushel, thus making it $2.35 per bushel. The findings also showed that, at the time Kerr-Gifford Company brought the wheat and shipped it out, it was worth $2.09 per bushel. The trial court entered judgment against the Kerr-Gifford Company and in favor of the John Smith Company for an amount equal to the contract or purchase price of the wheat. Kerr-Gifford Company has appealed.

We are first met with a motion to dismiss the appeal because a necessary party was not served with notice thereof. It appears that John Smith, the landlord, having died, his executrix (who was his widow), after the going down of the remittitur, obtained permission to, and did, file an intervention complaint, seeking to recover, or at least to have it adjudged, that she was entitled to one-third of the wheat as against both the John Smith Company and Kerr-Gifford Company. Before the final disposition of the case, and before entry of judgment from which this appeal is taken, the court made an order dismissing the intervener out of the case, and thereafter she made no appearance therein, nor did she take any appeal. It is now claimed that the appeal must be dismissed because this intervener was not served with notice of appeal.

It appears from the record that the same person was

the attorney for the respondent and the intervener. The notice of appeal was addressed only to John Smith Company and to Hardin Brothers and was served upon the attorney for the John Smith Company and the intervener. We will not determine whether this service was sufficient as against the intervener, because the question has not been briefed. In our opinion, the motion to dismiss must, however, be denied, because the intervener made her appearance only after judgment in the lower court and after judgment made by this court on appeal. When on appeal we directed a certain judgment to be entered, the case was finally disposed of except for entering judgment according to our instructions, and under the particular facts of this case the intervener could not become a party to the action, and therefore it was not necessary to serve her with notice of appeal. For these reasons the motion to dismiss is denied.

Respondent moves to strike the statement of facts because appellant did not take any exceptions to the findings of fact as made by the trial court. No exceptions having been taken and there being no question concerning introduction of testimony, we cannot consider the statement of facts. The only question before us is whether the findings support the conclusions and the judment. But we cannot see that the statement of facts is at all necessary to a discussion of the points raised by appellant. They are embraced within the assertion that the judgment is not supported by the findings.

The appellant first contends that the respondent, as mortgagee, was not entitled to recover anything on account of the landlord's one-third interest in the wheat in question. We cannot agree with this contention. The mortgage expressly covered all of the wheat and that instrument was duly filed for record.

As between the respondent, who was the mortgagee, and the appellant, who was the purchaser, the mortgage covered not only the lessee's share of the wheat, but also that of the lessor. Besides, this matter has been adjudicated. The question whether the mortgage covered all of the wheat was in this case when it was here before and we expressly decided that judgment should go against Kerr-Gifford Company "for the value of the mortgaged wheat." As between the parties to this case, the question is no longer open as to whether the mortgage covered all the wheat. The trial court was therefore correct in making its judgment cover all of the wheat.

The appellant contends that the court erred in entering judgment for the contract price of the wheat rather than for the value thereof at the time of the conversion. It should be remembered that, at the time of the conversion of the wheat, its value was materially less than the price the appellant had agreed to pay the tenant therefor. It is the rule of this court that, in actions for conversion of mortgaged property where there has been no wilful trespass, the measure of damage is the market value of the property at the time and place of conversion. *Farmers & Merchants Bank v. Small*, 131 Wash. 197, 229 Pac. 531; *de la Pole v. Lindley*, 131 Wash. 354, 230 Pac. 144. In addition to this, we expressly directed judgment "for the value" of the wheat, not the purchase price.

The judgment is reversed, with instructions to enter judgment in favor of the respondent and against the appellant for the total number of bushels of wheat received by appellant, at the price of $2.09 per bushel, with interest thereon from the time of the conversion.

Tolman, C. J., Main, and Mitchell, JJ., concur.