[No. 19535. Department One. December 11, 1925.]

D. R. HOPPE, *as Trustee of Grangers Warehouse of Renton, Appellant,* v. FIRST NATIONAL BANK OF RENTON, *Respondent.*[1]

[1] APPEAL (282)—RECORD—NECESSITY OF STATEMENT OR BILL FOR REVIEW. An appeal will not be dismissed for want of a statement of facts, where the only question presented is the sufficiency of the findings to support the conclusions of law and judgment.

[2] BANKRUPTCY (5)—PREFERENCE BY BANKRUPT—PAYMENTS BY DEBTOR—PRESUMPTIONS. Voluntary payments to a bank by a bankrupt corporation, prior to the four months' period preceding bankruptcy, are not fraudulent, under our trust fund theory, where the bank was justified in believing that the corporation was solvent.

[3] BANKS AND BANKING (17)—DEALINGS—REPRESENTATION BY OFFICER—NOTICE TO OFFICER. Where a director in a bank was an officer of an insolvent corporation and had knowledge of its

[1]Reported in 241 Pac. 662.

financial condition, the bank is not chargeable with notice acquired by the director in the latter capacity.

[4] BANKRUPTCY (5)—PREFERENCES BY BANKRUPT—PAYMENTS—EVIDENCE—SUFFICIENCY. The repayment of money, loaned to a failing corporation to enable it to make a profitable transaction which resulted in no depletion of the assets, is not an unlawful preference.

Appeal from a judgment of the superior court for King county, Paul, J., entered June 20, 1925, upon findings in favor of the defendant in an action to recover unlawful preferences by a bankrupt. Affirmed.

*Charles E. Congleton,* for appellant.

*Lot Davis,* for respondent.

HOLCOMB, J.—This is a case to be reviewed upon appeal on the pleadings, findings of fact, conclusions of law, and judgment. While appellant took exceptions to certain findings, he brought no statement of facts here, and is not in position to attack the findings.

[1] A motion by respondent in the briefs to dismiss the appeal and affirm the judgment because no statement of facts or bill of exceptions is brought up, or, in the alternative, that appellant be required to bring up a statement of facts, is denied as not well taken. The only question before us is whether the findings of fact support the conclusions of law and judgment. Both parties are bound by the findings made by the lower court. *Seattle v. Smithers,* 37 Wash. 119, 79 Pac. 516; *Smith Co. v. Hardin,* 133 Wash. 194, 233 Pac. 628.

The action is brought by the trustee in bankruptcy to recover from respondent, as unlawful preferences, judgment for the following voluntary payments made by respondent:

| | |
|---|---|
| On July 3, 1922 | $100.00 |
| On December 7, 1922 | 75.00 |
| On March 22, 1923 | 500.00 |
| On March 29, 1923 | 505.75 |
| On September 17, 1923 | 49.06 |

with interest at legal rate from the date of the respective payments. After trial, judgment was entered for only the last item, recovery on the other four items being denied.

The findings of fact are very lengthy and very comprehensive, and will only be referred to as necessity requires. The evidence disclosed that, on December 12, 1923, the Grangers Warehouse of Renton, a corporation, doing business at Renton, passed into bankruptcy. It will be noted, therefore, that all of the payments except the last, sued to recover as preferences and above listed, were made prior to the beginning of the four-months period preceding bankruptcy.

[2] When a corporation is adjudged bankrupt, it is, of course, presumed, under both the Federal and our state law, that it was insolvent for four months preceding the adjudication. During that time, under the bankruptcy laws, payments and securities given by the bank to creditors are presumed to be preferences, and voidable as such, but not conclusively so.

Appellant vigorously and persistently urges that the trust fund doctrine respecting insolvent corporations, as it exists in this state, as declared by this court from *Thompson v. Huron Lum. Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25, continuously to *Williams v. Davidson*, 104 Wash. 315, 176 Pac. 334, and ignoring any exception or modification thereof, existing under our law, controls this case.

It is insistently urged that the evidence disclosed that, at the time each and all of the payments listed above were made, the corporation was insolvent, and that, if it is necessary, respondent knew, or had means available for knowledge, of the financial condition of the corporation.

On the contrary, the trial court found—and that is our sole guide—that, although one Madsen was at all

times the trustee of the corporation and also a director of the bank, and at all times knew the condition of the corporation; and that, through his connection with the corporation, the bank had means available for complete knowledge as to the financial condition of the corporation, and should have known that the corporation was not able to pay all debts as they matured, the court nevertheless found that the bank believed and was justified in believing prior to August, 1923, that the concern was able to continue in business.

[3] It is not the law, as asserted by appellant, that, under the above finding, the bank was bound by the knowledge of Madsen as a director of the corporation.

"Where a person is a director or other officer of a bank and also an officer of another corporation, knowledge acquired by him in the latter capacity will not as a general rule be imputed to the bank." 3 R. C. L., § 108, p. 479.

*Casco National Bank v. Clark,* 139 N. Y. 307, 34 N. E. 908, 36 Am. St. 705.

As to the $100 item and the $75 item above listed, they were paid long prior to the beginning of the four-months period preceding insolvency, and no presumptions run against them, as the facts were found by the trial court. The payments of March 22 and March 29, 1923, listed above, were also prior to the beginning of the four-months period, but appellant especially attacks them for the reason that those payments arose out of the following transaction:

[4] On about March 1, 1923, Estella Kirschke, manager of the corporation, borrowed $1,000 on her personal note to buy a carload of sugar. This money was paid back with interest, and for the amounts above listed. The trial court found that the bank "might be justified" in believing that the money would be redeposited and paid back to the bank by check. The trans-

action merely shows that Estella Kirschke loaned her credit to the bank. The transaction was a profitable one, as found by the court, and there was no depletion of the assets of the corporation. Such a transaction, in any event, even though the manager who extended her credit may have known or had good reason to believe that the corporation was not strong financially, would not be an unlawful preference or violation of the trust fund doctrine. As was said in *Terhune v. Weise,* 132 Wash. 208, 231 Pac. 954, quoting from 14-A C. J. 908:

" 'A failing corporation may give security to an officer or director for present advances made in good faith and honestly to assist in its business, but conveyances of this character are subject to severe scrutiny by the courts.' "

and quoting also from *In re Lake Chelan Land Co.,* 257 Fed. 497:

" 'An insolvent corporation, in need of funds and ready cash, may borrow the amount needed from a director or other officer of the corporation, and secure it by a lien on its property or transfer of its assets.' "

It is further said in the *Terhune* case, *supra*:

"It would be unwise to apply the doctrine so rigorously that such corporations could not obtain financial relief by giving security to those who might be willing to extend help if they could be protected.    .   .   . This court has never said, and is now unwilling to say, that where a *bona fide* transaction is entered into between the insolvent corporation and a person willing to exchange for the company's assets the needed financial assistance that such agreements are illegal or void for the reason that they constitute a preference.   .   .   . Where there has been no depletion the basis of the doctrine has been removed, and therefore, where a present valid consideration passes to the insolvent corporation from the creditor, the amount paid by, or

secured from, the insolvent to such creditor cannot constitute a preference.''

See, also, *Lloyd v. Sichler,* 94 Wash. 611, 162 Pac. 979.

We are therefore well satisfied that the above two items of payment must be sustained as not being unlawful preferences.

Some questions involved herein urged by appellant are completely answered by the decisions and discussions in the foregoing cases from this court, and also by the cases and citations of *Dunlap v. Seattle National Bank,* 93 Wash. 568, 161 Pac. 364, and *Conner v. First National Bank,* 113 Wash. 662, 194 Pac. 562. The above cases may be referred to for discussions of the principles involved without unnecessarily lengthening this opinion.

On the findings made by the trial court, and the law as it exists here, we are convinced that the conclusions of law and judgment of the trial court necessarily followed.

The judgment is therefore affirmed.

Tolman, C. J., Askren, Fullerton, and Mitchell, JJ., concur.